ECONOMY PREFERRED INSURANCE COMPANY, Plaintiff-Appellee, v. NANCY INGOLD *et al.*, Defendants-Appellants.

Fourth District No. 4—98—0151

Opinion filed December 17, 1998.

Mike McElvain, of Law Office of Mike McElvain, of Bloomington, for appellants.

Karen L. Kendall, Craig L. Unrath, and Gary D. Nelson, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In January 1997, plaintiff, Economy Preferred Insurance Company (Insurance Company), brought a declaratory judgment action against

defendants, Nancy Ingold and Herbert Ingold. The Insurance Company sought a declaration that the per-person coverage limit of $100,000, contained in an automobile insurance contract between the parties, applied both to Nancy's claim for personal injuries caused by an uninsured motorist and to Herbert's claim for loss of consortium resulting from Nancy's injuries. In February 1998, the trial court entered summary judgment in favor of the Insurance Company. The Ingolds appeal, claiming only that the court erred by granting summary judgment. We affirm.

## I. BACKGROUND

The following facts are undisputed. In May 1996, Nancy was injured in an automobile accident involving an uninsured motorist. At that time, the Ingolds were covered by the Insurance Company under an automobile insurance policy, which included coverage for injuries caused by uninsured motorists. However, that coverage was subject to liability limits of $100,000 per person and $300,000 per accident.

The Ingolds sought payment from the Insurance Company for (1) Nancy's personal injuries; and (2) Herbert's loss of consortium resulting from Nancy's injuries, pursuant to the uninsured motorist coverage of the insurance policy. The Insurance Company offered to make a single payment to the Ingolds of the per-person policy limit of $100,000. The Ingolds declined this offer because they contended that Herbert's loss of consortium claim was a separate claim, subject to a separate payment up to the $100,000 limit.

In January 1997, the Insurance Company filed this declaratory judgment action, and in September 1997, it moved for summary judgment. In February 1998, following a hearing, the trial court entered summary judgment for the Insurance Company, concluding that "the personal injury claim of [Nancy] and the loss of consortium claim of [Herbert] are both included in the 'per[-]person' limit of liability."

This appeal followed.

## II. ANALYSIS

■ We review a trial court's construction of an insurance policy contract de novo. State Farm Mutual Automobile Insurance Co. v. Villicana, 181 Ill. 2d 436, 441, 692 N.E.2d 1196, 1199 (1998).

The Ingolds contend that the insurance policy's provision describing the per-person limit of coverage is ambiguous. Specifically, they claim that the language of that provision is subject to more than one reasonable interpretation, including their interpretation that Herbert may receive payment up to the per-person limit, regardless of the amount Nancy receives for her personal injuries. Accordingly, they urge this court to apply the rule of insurance policy construction that

terms subject to more than one reasonable interpretation should be construed in favor of the insured (*Hall v. Burger*, 277 Ill. App. 3d 757, 761, 660 N.E.2d 1328, 1331 (1996)). However, because we conclude that the terms of the insurance policy at issue are clear and unambiguous, we apply them as written and affirm the trial court. See *State Farm*, 181 Ill. 2d at 441-42, 692 N.E.2d at 1199 ("We will apply [insurance policy] terms as written unless such application contravenes public policy").

The relevant portion of the policy provision describing the per-person limit of coverage reads as follows:

> "The limit of liability shown in the [d]eclarations for each person for [u]ninsured \*\*\* [m]otorists [c]overage for bodily injury is our maximum limit of liability for *all damages, including damages for* care, *loss of services* or death, *arising out of* **bodily injury** sustained by any one person in any one accident." (Emphasis added; boldface denotes emphasis in original.)

This language is unambiguous. It clearly states that the per-person limit of liability applies to "all damages"—"*including damages for \*\*\* loss of services*"—*arising* out of an individual person's bodily injury. (Emphasis added.)

■ Nonetheless, the Ingolds propose an alternative interpretation. Specifically, they claim that the phrase "sustained by any one person" modifies the word "damages" rather than modifying the phrase immediately preceding it, "bodily injury." Thus, the Ingolds read the quoted language as stating that the per-person limit applies to "all damages \*\*\* sustained by any one person." Such a reading would only make sense if the words "sustained by any one person in any one accident" were moved so that they immediately followed the word "damages." We have previously noted that "[c]ourts should not distort language [of an insurance policy] to reach a desired result." *Hall*, 277 Ill. App. 3d at 761, 660 N.E.2d at 1331. We decline the Ingolds' invitation to do so now.

The Ingolds also point out that the fifth district has interpreted language from a similar contract to be ambiguous. *Stearns v. Millers Mutual Insurance Ass'n*, 278 Ill. App. 3d 893, 896, 663 N.E.2d 517, 520 (1996). However, the *Stearns* court reached its conclusion only by editing the language of the insurance contract to remove all of the language surrounding the phrase "for each person." *Stearns*, 278 Ill. App. 3d at 896, 663 N.E.2d at 520. The court then concluded that the phrase "for each person," *in isolation*, created an ambiguity because it implied that "each person" is entitled to a separate claim up to the per-person limit. *Stearns*, 278 Ill. App. 3d at 897, 660 N.E.2d at 520.

■ We refuse to similarly parse the language of the policy at issue

in this case. Insurance policy provisions should be read in context, not in isolation. *Hall*, 277 Ill. App. 3d at 761, 660 N.E.2d at 1331. The insurance policy before this court refers to "[t]he limit of liability shown in the [d]eclarations for each person for [u]ninsured *** [m]otorists [c]overage for bodily injury." The phrase "for each person," *in context*, unambiguously refers to the section of the policy's declaration page bearing the label, "COVERAGES: *** BODILY INJURY $100,000 EACH PERSON."

■ Finally, we note that the Ingolds urge us to abandon our decision in *Schweighart v. Standard Mutual Insurance Co.*, 227 Ill. App. 3d 249, 252-53, 591 N.E.2d 121, 123-24 (1992). In *Schweighart*, we concluded that loss of consortium claims are derivative claims, and absent contractual terms to the contrary, payment of the per-person insurance limits to the injured party precludes recovery by the injured person's spouse for loss of consortium under the same insurance policy. *Schweighart*, 227 Ill. App. 3d at 253, 591 N.E.2d at 124. We decline to change our conclusion in *Schweighart*.

■ Thus, applying the terms of the insurance policy as written, we conclude that Nancy's claim for personal injuries and Herbert's claim for loss of consortium are both included in the insurance policy's per-person liability limit of $100,000. Accordingly, we hold that the trial court did not err by granting summary judgment in the Insurance Company's favor.

## III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK and McCULLOUGH, JJ., concur.