BERNELLE DEMPSEY, Plaintiff-Appellant, v. THE CITY OF HARRISBURG et al., Defendants-Appellees.

(No. 70-62; ▮▮▮▮▮▮

Fifth District—December 17, 1971.

Hanagan, Dousman & Giamanco, of Mt. Vernon, for appellant.

Arlie O. Boswell, Sr., and George B. Lee, both of Harrisburg, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals, under the Administrative Review Act, Ill. Rev. Stat., ch. 110, par. 274, from an order of the Circuit Court of Saline County, affirming the defendant Board's findings of facts and denial of plaintiff's application for a pension from the Police Pension Fund.

The facts upon which plaintiff based her application for a pension were these: Her husband, Henry C. Dempsey, while Chief of Police of the City of Harrisburg, had died approximately one-half hour after he had returned home after having been called out late at night in an emergency. His widow, the plaintiff herein, applied for benefits under the Illinois Workmen's Compensation Act. The decision of the arbitrator of the Illinois Industrial Commission was that "Decedent sustained accidental injuries arising out of and in the course of the employment * * * said injury resulting in death," and benefits under the Workmen's Compensation Act were awarded to the widow, this appellant. Upon review by petition of the city, oral argument was had before a majority of the members of the Commission, and subsequently the decision of the arbi-

trator was sustained and affirmed and order to stand as the decision of the Commission.

Appellant also petitioned for a pension from the Police Pension Fund, Ill. Rev. Stat., ch. 108½, par. 3—118, on the theory that her husband had lost his life "in the performance of duty" or from "injuries from which he thereafter die(d)." After a hearing held in response to this petition, the Board of Trustees which administers the fund for the City of Harrisburg determined that Chief Dempsey "did not lose his life in the performance of duty as contemplated by Section 3—119, Chapter 108½, Revised Statutes of Illinois, 1967," and, therefore, denied appellant's petition for a pension.

The widow obtained review by the Circuit Court of Saline County in which she argued that the decision of the Industrial Commission is *res judicata* and is binding upon the Pension Board and City. The trial court's judgment was that the decision of the Industrial Commission is not *res judicata* and the finding of the Board of Trustees of the Police Pension Fund was affirmed.

The pertinent portion of the statute referring to the pension itself is, "Whenever a policeman loses his life in the performance of duty, or receives injuries from which he thereafter dies, leaving a widow * * * the Board shall grant a yearly pension * * * payable to his widow during widowhood * * *." Those relating to the administration of the fund for such purpose are in brief form:

"* * * The City Council * * * shall establish and administer a police pension fund, in the manner prescribed * * *." Ill. Rev. Stat., ch. 108½, par. 3—101.

"The city council * * * shall * * * levy a tax * * * sufficient to meet the annual requirements of the police pension fund." Ill. Rev. Stat., ch. 108½, par. 3—125.

"The Board (shall make) its annual report to the city council * * *." Ill. Rev. Stat., ch. 108½, par. 3-127.

"A board, composed of 5 members * * * two * * * appointed by the mayor * * * 3d and 4th members * * * elected from regular police force by the active members thereof. The 5th member shall be elected by and from among the beneficiaries of the fund." Ill. Rev. Stat., ch. 108½, par. 3—128.

The first contention of the appellant is that the decision of the Industrial Commission is *res judicata* and binding upon the defendants in this action. In consideration of this question, it is necessary to compare the elements present in the two proceedings, the first before the Industrial Commission, the second before the Board of Trustees of the Police Pension Fund.

The issues presented in proceedings under the Workmen's Compensation Act and the Policemen's Pension Fund are much more than similar; they are sufficiently alike that it would be a pointless quibble to deny that they are identical. The former provides benefits for "accidental injury arising out of and in the course of employment"; the latter in the event "a policeman loses his life in the performance of duty." A semanticist might find technical differences, but for the practical purposes intended by the relevant legislation, such differences are miniscule and not enough, by themselves, to reject application of *res judicata*. The purpose of the two statutes also is basically the same.

In opposition to application of *res judicata*, the appellees argue with considerable force that the doctrine has no effect against or in favor of anyone not a party or privy and that there is no privity between the City of Harrisburg, the defendant in the Workmen's Compensation proceedings, and the Board of Trustees of the Police Pension Fund of the City of Harrisburg. The law determining such questions "is well settled that when a judgment is rendered against an officer of a municipal corporation who sues or is sued in his official capacity, the judgment is binding upon the corporation, upon the officers of the same municipal corporation who represent the same interest, and upon all residents and taxpayers thereof." 38 Am. Jur. 431-32.

We are not impressed with defendant's arguments that the Board of Trustees were not parties to and could not defend the action before the Industrial Commission. The city is a municipal corporation and must necessarily conduct its affairs through many different officers, agencies, and employees. The real party in interest in both the Industrial Commission hearing and the proceedings before the Trustees of the Police Pension Fund is the City of Harrisburg. Although the city administered the Police Pension Fund through the agency of a Board of Trustees it nevertheless remained the principal. Being bound by the determination of the Industrial Commission the city may not relitigate the same questions before another administrative or judicial tribunal. Even though the Board of Trustees of the Policemen's Pension Fund was not a party to the proceedings before the Illinois Industrial Commission, by the most logical interpretation of the statute creating the Board it is an agency of the city and is bound by a judgment rendered against the city.

The Illinois cases on this point emphatically favor this interpretation. In a case involving the City of East St. Louis and its Board of Fire and Police Commissioners the argument was made that a decision binding the latter was a nullity as to the former because it was not a nominal party therein. The Appellate Court for the Fourth District responded, "The law cannot tolerate such an absurdity," and stated, "The correct rule is

\* \* \*", the American Jurisprudence definitive comment quoted above. *McKinney v. City of East St. Louis*, 39 Ill.App.2d 137; *Ward v. Field Museum of Natural History*, 241 Ill. 496.

In *Slattery v. Board of Estimate and Apportionment*, 271 N.Y. 346, 3 N.E.2d 505, the court said at 506:

"To a large degree the issues presented in proceedings under the Workmen's Compensation Law and the retirement provisions are alike. There is no substantial difference to be perceived between 'accidental injury' under the former, and 'the natural and proximate result of an accident' under the latter."

See also *Sullivan v. Board of Estimate and Apportionment of City of New York*, 3 N.Y. Supp.2d 296.

The adjudication in favor of the claimant in the Workmen's Compensation proceedings included an adjudication of all the factors that were necessary to make a valid claim for a pension for loss of life in the performance of duty as a policeman—at least all of those factors that are in dispute here.

The second contention of the appellant, that she did not waiver her rights to the pension by accepting a lesser payment upon recommendation by one of the Trustees, is so obviously correct that it requires no comment other than affirmation.

The judgment appealed from is reversed and remanded with directions that the Board of Trustees of the Police Pension Fund of the City of Harrisburg void its decision on the application of Bernelle Dempsey for a pension and to grant a widow's pension to her in accordance with Ill. Rev. Stat., ch. 108½, par. 3—118, and to compute and make payment of such pension after allowance of a proper set-off and credit.

Reversed and remanded with directions.

CREBS and JONES, JJ., concur.