SECOND DIVISION
March 31, 2006

No. 1-05-2457

DANIEL MABIE,                              )        Appeal from the
                                          )        Circuit Court of
      Plaintiff-Appellee,                 )        Cook County.
                                          )
           v.                             )
                                          )
VILLAGE OF SCHAUMBURG,                    )
                                          )        Honorable
      Defendant-Appellant.                )        Mary Anne Mason,
                                          )        Judge Presiding.


      JUSTICE WOLFSON delivered the opinion of the court:

      Daniel Mabie, a fireman, sues the Village of Schaumburg for sick leave and

vacation benefits he did not receive while recovering from injuries incurred at the fire

station.  He says he is entitled to those benefits under the Public Employee Disability

Act (PEDA) (5 ILCS 345/0.01 et seq. (West 2000)).

      The Village claims it does not have to pay the benefits because the plaintiff's

injury did not occur "in the line of duty" under PEDA.

      This case requires us to construe and apply PEDA's use of the words "line of

duty."  The trial court granted summary judgment to the plaintiff.  We affirm the trial

court.

FACTS

      Plaintiff was employed by the defendant as a full-time

firefighter when he was injured on April 12, 1999.  He fell down

fire station stairs on his way to roll call.  He was unable to

1-05-2457

perform his duties as a firefighter from April 13, 1999, to August 5, 1999. The arbitrator ruled in favor of the plaintiff on his workers' compensation claim, finding the plaintiff suffered "a compensable injury arising out of and in the course of his employment." The Illinois Industrial Commission and the trial court confirmed the arbitrator's decision. The Village appealed to the Illinois Appellate Court, Industrial Commission Division. While the Village's appeal was pending, the parties agreed to settle the workers' compensation claim. The settlement awarded the plaintiff $32,500 for medical expenses, permanent disability, and interest. The parties agreed to dismiss the Village's appeal.

Following the settlement, the plaintiff filed a complaint for injunctive relief pursuant to PEDA seeking an order directing the Village to reinstate his sick leave and vacation benefits. Under PEDA, a firefighter who suffers an injury "in the line of duty" shall continue to be paid by his employer on the same basis as before his injury, with no deduction from sick leave credits, overtime accumulation, or vacation. 5 ILCS 345/1 (West 2000). The defendant filed a motion to dismiss, alleging the plaintiff waived his right to ask for additional benefits outside the settlement agreement. The trial court dismissed the plaintiff's complaint.

1-05-2457

On appeal, this court reversed, finding the language of the settlement agreement was limited to those claims that could be enforced by the Industrial Commission. Mabie v. Village of Schaumburg, 1-04-1709 (2004) (unpublished order under Supreme Court Rule 23). The plaintiff could not have waived his right to bring his PEDA claim, and the agreement did not have any res judicata effect as to plaintiff's claim. Mabie, 1-04-1709, slip op. at 6.

On remand to the trial court, the plaintiff moved for summary judgment on two alternative theories: (1) he suffered an injury in the line of duty that was compensable under PEDA; and (2) the Village was barred from challenging the cause of plaintiff's disability and its legal effect based on the res judicata or judicial estoppel effect of the settlement agreement and prior Industrial Commission decisions.

The trial court granted summary judgment to the plaintiff, based on the doctrine of collateral estoppel.

DECISION

Summary judgment is appropriate where the pleadings, depositions, affidavits, admissions, and exhibits on file, when viewed in the light most favorable to the nonmovant, show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West

3

1-05-2457

2000); Illinois Farmers Insurance Co. v. Marchwiany, 361 Ill. App. 3d 916, 919, 838 N.E.2d 172 (2005). Our review is de novo. Illinois Farmers Insurance Co., 361 Ill. App. 3d at 919.

Collateral estoppel, a branch of res judicata, prohibits the relitigation of an issue actually decided in an earlier proceeding between the same parties. McCulla v. Industrial Commission, 232 Ill. App. 3d 517, 520, 597 N.E.2d 875 (1992). In order to apply collateral estoppel, (1) the issue decided in the prior adjudication must be identical to the issue in the current action; (2) the party against whom estoppel is asserted must have been a party or in privity with a party in the prior action; and (3) the prior adjudication must have resulted in a final judgment on the merits. Dowrick v. Village of Downers Grove, 362 Ill. App. 3d 512, 516, 840 N.E.2d 785 (2005).

The question is whether the prior decision in the workers' compensation case that the injury "arose out of and in the course of employment" collaterally estopped the defendant from relitigating the issue of causality in the PEDA case. PEDA provides compensation for a firefighter who "suffers any injury in the line of duty which causes him to be unable to perform his duties." 5 ILCS 345/1(b) (West 2000).

Because there is no definition of "line of duty" in PEDA, and no cases directly on point, the parties rely on cases

4

1-05-2457

comparing workers' compensation claims with line-of-duty disability pension claims.

The Workers' Compensation Act (WCA) provides for compensation for accidental injuries "arising out of and in the course of the employment" of the injured employee. 820 ILCS 305/2 (West 2000). The applicable section of the Illinois Pension Code (Pension Code) allows a pension board to grant a line-of-duty disability pension for "sickness, accident, or injury incurred in or resulting from the performance of an act of duty or from the cumulative effects of acts of duty." 40 ILCS 5/4-110 (West 2000).

There is no definition of "act of duty" in the section of the Pension Code applying to firefighters in municipalities with populations of 500,000 and under. However, this court has held the definition in the Pension Code for cities with populations over 500,000 applies equally to all firefighters. See Jensen v. East Dundee Fire Protection District Firefighters' Pension Fund Board of Trustees, 362 Ill. App. 3d 197, 204, 839 N.E.2d 670 (2005). That section defines an "act of duty" as:

> "[a]ny act imposed on an active fireman by
> the ordinances of a city, or by the rules or
> regulations of its fire department, or any
> act performed by an active fireman while on

5

duty, having for its direct purpose the saving of the life or property of another person."  40 ILCS 5/6-110 (West 2000).

If a firefighter is injured while performing an act imposed on him by the ordinances of a city or the rules and regulations of the fire department, he is not required to prove the act had for its direct purpose the saving of the life or property of another person.  O'Callaghan v. Retirement Board of Firemen's Annuity & Benefit Fund of Chicago, 302 Ill. App. 3d 579, 583, 706 N.E.2d 979 (1998) (Firefighter who injured his knee during a training course was entitled to benefits under the Pension Code).

The defendant contends the court in Demski v. Mundelein Police Pension Board, 358 Ill. App. 3d 499, 831 N.E.2d 704 (2005), made clear that whether an accident arose "out of and in the course of employment" for purposes of workers' compensation is a different issue than whether an accident occurred during an "act of duty" under the Pension Code.  There, the plaintiff, a police officer, injured her back during a routine physical fitness agility examination.  Demski, 358 Ill. App. 3d at 500. The Illinois Industrial Commission determined her injury arose out of the course of her employment.  The pension board denied her application for a line-of-duty pension, finding her disability was not caused by the performance of an act of duty.

6

1-05-2457

Demski, 358 Ill. App. 3d at 502. The court held collateral estoppel did not apply. The pension board was not bound by the Industrial Commission's determination because the issue in the two cases was not identical. Demski, 358 Ill. App. 3d at 502-503.

The issue before the pension board was whether the accident occurred during an "act of duty," as defined by section 5-113 of the Pension Code. Demski, 358 Ill. App. 3d at 503. Section 5-113, applicable to police officers in cities with populations over 500,000, defines an "act of duty" as:

> "Any act of police duty inherently involving special risk, not ordinarily assumed by a citizen in the ordinary walks of life, imposed on a policeman by the statutes of this State or by the ordinances or police regulations of the city in which this Article is in effect or by a special assignment; or any act of heroism performed in the city having for its direct purpose the saving of the life or property of a person other than the policeman." 40 ILCS 5/5-113 (West 2000).

The court held the issue of whether Demski was injured while performing an act of duty never had been litigated. Demski, 358

8

Ill. App. 3d at 503. That is, the workers' compensation case did not decide whether Demski was performing an act involving a special risk not ordinarily shared by a citizen. Demski, 358 Ill. App. 3d at 503-504. The issues were "substantially different." Demski, 358 Ill. App. 3d at 504.

The specialized definition of "act of duty" in Demski does not apply here. In Jensen, the court found the language in section 5-113 of the Pension Code defining an act of duty for police officers is different than the language defining the term "act of duty" as it relates to firefighters. Jensen, 362 Ill. App. 3d at 203. Because the pension board improperly applied the definition of the term 'act of duty' in section 5-113, the court held the board never addressed the issue of whether the plaintiff's injury was incurred in or resulted from "acts of duty" within the meaning of section 4-110 of the Pension Code. Jensen, 362 Ill. App. 3d at 204-205.

When we look at cases not involving the "special risk" definition in Demski, it is clear the courts treat the causal test under the Pension Code as equivalent to the test under the WCA. In Wilfert v. Retirement Board of Firemen's Annuity & Benefit Fund of Chicago, 263 Ill. App. 3d 539, 543, 640 N.E.2d 1246 (1994), the court held the Pension Code "serves an equivalent purpose to the objectives of workers' compensation"

9

and is to be liberally construed in favor of the applicant to achieve its beneficent purpose. Moreover, the "line of duty" test in pension cases is the same as the general test of "arising out of and in the course of the employment" applied in workers' compensation cases. Wilfert, 263 Ill. App. 3d at 544, citing Unger v. Continental Assurance Co., 107 Ill. 2d 79, 85, 481 N.E.2d 684 (1985). See also Luchesi v. Retirement Board of the Firemen's Annuity & Benefit Fund of Chicago, 333 Ill. App. 3d 543, 551, 776 N.E.2d 703 (2002) (courts interpret the causal test under the Code as similar to the test under the WCA); O'Callaghan, 302 Ill. App. 3d at 583 (tests should be interpreted similarly).

In McCulla, a firefighter appealed the denial of workers' compensation benefits. Previously, the pension board had awarded him a "not in duty" pension, meaning he was disabled " 'as a result of any cause other than an act of duty.' " McCulla, 232 Ill. App. 3d at 521, citing Ill. Rev. Stat. 1985, ch. 108 1/2, par. 4-111. The court held that under collateral estoppel, the pension board's decision barred the firefighter from relitigating the issue of whether his injuries were causally connected to his employment. McCulla, 232 Ill. App. 3d at 521. The court said,

> "[w]e find no difference between the issue
> adjudicated before the pension board and the

10

issue of causation subsequently before the Commission. The claimant had a full opportunity to adjudicate the issue of the work-related nature of his disability before the pension board. The pension board found his disability did not arise out of his duties as a fire fighter. He did not appeal this determination. Therefore, he is collaterally estopped from relitigating that issue before the Commission." McCulla, 232 Ill. App. 3d at 521.

Similarly, in Dempsey v. City of Harrisburg, 3 Ill. App. 3d 696, 698, 279 N.E.2d 55 (1971), the court held the issues in proceedings under the WCA and the Policemen's Pension Fund were "sufficiently alike that it would be a pointless quibble to deny that they are identical." The statute governing the pension fund in Dempsey provided benefits in the event " 'a policeman loses his life in the performance of duty.' " Dempsey, 3 Ill. App. 3d at 698, citing Ill. Rev. Stat. 1967, ch. 108 1/2, par. 3-118. The court held the Industrial Commission's decision was res judicata and binding on the defendants in the pension action. Dempsey, 3 Ill. App. 3d at 698.

We see no meaningful difference between the "line of duty"

11

standard in PEDA and the causation test in workers' compensation claims--that the injury "arose out of and in the course of employment." There is no reason to require a firefighter to provide different proof that he was injured in the line of duty under PEDA than he would in a "line-of-duty" pension case. Accordingly, we find the defendant is collaterally estopped from relitigating the issue of causation, based on the finding in the workers' compensation claim that plaintiff's injury arose out of the course of his employment.

The defendant contends a material issue of fact remains as to whether plaintiff tripped on an aerosol can or whether he slipped for some other reason. In an affidavit attached to his motion for summary judgment, plaintiff said he stepped on an aerosol can and fell down the fire station stairs. The defendant refers to statements made by the plaintiff, his captain, and his doctor that indicate plaintiff fell down the stairs but do not mention an aerosol can. Can or no can, the plaintiff was on his employer's premises and proceeding to work at the direction of his employer when the accident occurred. Precisely how the plaintiff slipped or tripped does not matter. See Unger, 107 Ill. 2d at 85-86, quoting Chmelik v. Vana, 31 Ill. 2d 272, 278, 201 N.E.2d 434 (1964) (injury must occur " 'within the period of employment at a place where the employee may reasonably be in the

12

1-05-2457

performance of his duties, and while he is fulfilling those duties' ").  No issue of material fact remains.

CONCLUSION

We affirm the trial court's grant of summary judgment for the plaintiff.

Affirmed.

GARCIA, P.J., and SOUTH, J., concur.

13