# Illinois Official Reports

## Appellate Court

*In re Estate of Brown*, 2014 IL App (1st) 122857

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF JOE BROWN, Deceased (Barbara Hoy, Claimant-Appellant, v. Michael Brown, Respondent-Appellee). |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-2857 |
| Filed | June 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a dispute over the ownership of the copyright to a popular song between persons claiming an interest in the property, including claimant, who was the granddaughter of one co-writer, and the son of the person who owned the company to which claimant's grandfather allegedly assigned his rights to the song, the trial court abused its discretion in dismissing a petition for citation filed under section 16-2 of the Probate Act on the ground that claimant was guilty of *laches*, since the six-week delay between the time claimant learned that the copyright interest was included in the estate of the alleged assignee and the date she filed her petition was not so unreasonable as to bar her claim based on *laches*; furthermore, there were issues as to whether claimant's father ever validly assigned his copyright interests and, if so, whether those interests expired at the end of the initial term, and, therefore, the cause was remanded to the probate court for further proceedings. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2009-P-2987; the Hon. John J. Fleming, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on
Appeal

J. Ryan Hinshaw, of Chicago, for appellant.

Steven O. Hamill, of Law Offices of Steven O. Hamill, of Evergreen Park, for appellee.

Panel

JUSTICE HALL delivered the judgment of the court, with opinion. Presiding Justice Rochford and Justice Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal involves two competing claims of copyright ownership in the musical composition "On the Road Again," a popular blues song.[1] The copyright dispute is between Michael Brown, in his capacity as the independent administrator of the estate of his deceased father, Joe Brown, and Barbara Hoy, as successor-in-interest to her grandfather, Floyd Jones, also deceased.[2] Barbara Hoy appeals from an order of the probate court of Cook County dismissing her amended petition for citation brought pursuant to section 16-2 of the Probate Act of 1975 (755 ILCS 5/16-2 (West 2008)) to recover the musical composition, alleged to be the property of Joe Brown's estate. For the reasons that follow, we reverse and remand.

¶ 2    The late Joe Brown was a blues musician and founder of three Chicago record labels, including the Lawn Music Company (Lawn Music). During the 1940s and 1950s the record labels were engaged in the business of creating, recording, producing and publishing music. The late Floyd Jones was a blues musician and songwriter. In 1952, Floyd Jones co-wrote the original musical composition and lyrics for the song "On the Road Again."

¶ 3    In 1952 or 1953, Floyd Jones assigned his rights, title and interest in the musical composition to Lawn Music. In 1964, Lawn Music and the Frederick Music Company (Frederick Music) entered into a licensing agreement granting Frederick Music an exclusive license to publish, sell, and produce music from Lawn Music's catalogue, including the musical composition at issue, in exchange for royalties.

¶ 4    On September 16, 1968, Frederick Music filed a copyright registration application identifying Lawn Music as the owner of the copyright in the musical composition "On the Road Again." This version of the musical composition became known as the Lawn version

---

[1] The background facts are taken from the parties' briefs, the record submitted on appeal, the complaint filed in Lawn Music Co. v. Liberty Records, Inc. (S.D.N.Y. Oct. 6, 1969 ), and from the memorandum opinion and order in *Estate of Brown v. ARC Music Group*, 830 F. Supp. 2d 501 (N.D. Ill. 2011).

[2] Joe Brown died intestate on February 7, 1976. Floyd Jones died intestate on December 19, 1989.

(copyright registration No. Ep 249982). The application listed Floyd Jones and Allen Wilson as co-authors.

¶ 5    About three months later, on December 12, 1968, the Metric Music Company (Metric Music) filed a copyright registration application identifying itself as the owner of the copyright in a version of the musical composition "On the Road Again" (copyright registration No. Eu 89256) that was alleged to have been substantially copied from the Lawn version. The application listed Metric Music as the author and employer for hire of "Alan Wilson."

¶ 6    On October 6, 1969, Floyd Jones, Joe Brown, Lawn Music and Frederick Music filed a federal lawsuit against Liberty Records, Inc., and Metric Music, in the United States District Court for the Southern District of New York, alleging, among other things, copyright infringement of the musical composition "On the Road Again." See Lawn Music Co. v. Liberty Records, Inc. (S.D.N.Y. Oct. 6, 1969).

¶ 7    Thereafter, in 1970, the parties to the federal lawsuit entered into a settlement agreement under which Metric Music assigned to Lawn Music, "one-half (½) of its right, title and interest in and to the Composition [On the Road Again] including the copyright therein (Registration Nos. EU 89256, EU 98008) for the full original term of copyright and for the renewal terms of copyright and any extensions thereof to the extent controlled by Metric." The assignment listed Floyd Jones and Allen Wilson as co-authors of the musical composition. In addition, the 1970 agreement provided that the "Lawn version of the Composition shall not be affected by this agreement and Lawn and Frederick shall be entitled to exercise rights with respect thereto to the fullest extent to which they are entitled under the Copyright Laws without regard to this agreement."

¶ 8    On September 1, 1972, the parties entered into a stipulation to discontinue the federal action "with prejudice, without costs to either party as against the other."

¶ 9    Joe Brown died intestate on February 7, 1976. Floyd Jones died intestate on December 19, 1989. Jones's estate passed to Ora-Mae Goggins as his sole heir under the laws of intestacy.

¶ 10    On February 6, 1996, Ms. Goggins filed a copyright renewal registration for the Lawn version of the musical composition. Ms. Goggins died intestate on March 27, 2004, leaving her daughter, claimant Barbara Hoy, as her sole heir.

¶ 11    On May 22, 2009, Michael Brown was appointed independent administrator of the estate of his deceased father, Joe Brown. Michael Brown filed an inventory of the estate, listing among its property the musical composition "On the Road Again," as follows:

"One-half (½) of all rights, title and interests throughout the world for the full original and renewal terms of the copyright and any extensions thereof in and to the composition: 'On the Road Again/Dark Road' (assignment number V1433P251, dated October 1, 1970), as set forth in the settlement agreement of *LAWN MUSIC COMPANY vs. LIBERTY RECORDS, INC., now known as Liberty/UA Inc.*) and *METRIC MUSIC COMPANY, INC.*, case number 69 CV 4375, U.S. District Court for the Southern District of New York."

¶ 12    On June 24, and July 8, 2010, the Chicago Daily Law Bulletin published notice of Joe Brown's death and the administration of his estate. On August 3, 2010, Barbara Hoy filed a

claim against the estate objecting to the musical composition "On the Road Again," being included in the inventory of the estate.

¶ 13 On September 27, 2010, Barbara Hoy filed a petition for citation under section 16-2 of the Probate Act of 1975 (755 ILCS 5/16-2 (West 2008)), claiming an ownership interest in the musical composition and asserting that the composition should not be included in the inventory of Joe Brown's estate. Michael Brown responded by filing a motion to dismiss the petition pursuant to section 2-619(a)(1) (lack of subject matter jurisdiction) and section 2-615 (failure to state a claim upon which relief can be granted) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(1), 2-615 (West 2010)).

¶ 14 The probate court granted the motion to dismiss in part and denied it in part. Barbara Hoy was granted leave to file an amended petition for citation, which she filed on June 29, 2011.

¶ 15 Following several motions and hearings, the probate court granted Michael Brown's motion dismissing the amended petition for citation on *res judicata* grounds pursuant to section 2-619(a)(4) of the Code. The probate court found that the 1970 settlement agreement had *res judicata* effect precluding the relief requested in Barbara Hoy's amended petition for citation. The probate court determined that the 1970 settlement agreement was binding between Barbara Hoy's predecessor-in-interest and the decedent Joe Brown, in regard to the musical composition at issue, "On the Road Again." In addition, the probate court found that, in the alternative, *sua sponte*, the claims in Barbara Hoy's amended petition for citation were barred by *laches*. This appeal followed. For the reasons that follow, we reverse and remand.

¶ 16                                                    ANALYSIS

¶ 17 Barbara Hoy's amended petition for citation was dismissed pursuant to section 2-619(a)(4) of the Code on the basis of the alleged *res judicata* effect of the 1970 settlement agreement. A motion to dismiss under section 2-619 of the Code admits the legal sufficiency of the pleading but asserts an affirmative defense or other matter that avoids or defeats the claim. *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). Section 2-619(a)(4) of the Code permits a defendant to file a motion for dismissal on the basis that the cause of action is barred by a prior judgment, *i.e.*, *res judicata*. See *Illinois Non-Profit Risk Management Ass'n v. Human Service Center of Southern Metro-East*, 378 Ill. App. 3d 713, 719 (2008) (noting that section 2-619(a)(4) of the Code incorporates the doctrine of *res judicata*). Our review of a dismissal under section 2-619 of the Code is *de novo*. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006).

¶ 18 Michael Brown contends on appeal that Barbara Hoy's amended petition for citation was properly barred not only by the *res judicata* effects of the settlement agreement of 1970, but also by the settlement agreement's collateral estoppel effects. We must disagree.

¶ 19 "A prior judgment may have preclusive effects in a subsequent action under both *res judicata* and collateral estoppel." *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389 (2001). "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). The prior judgment acts as a bar to the entire subsequent suit on the same cause of action. The doctrine bars not only what was actually decided in the first action but also whatever could have been decided in that suit. *Id*. at 334-35. Three requirements must be met for *res judicata* to apply: (1) there was a final judgment on the merits rendered by a court of

competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies. *Id.* at 335. The party seeking to invoke the defense of *res judicata* bears the burden of demonstrating that it applies. *Diversified Financial Systems, Inc. v. Boyd*, 286 Ill. App. 3d 911, 915 (1997).

¶ 20    Collateral estoppel differs from *res judicata* in that estoppel prevents parties to the first action and their privies from relitigating issues actually litigated in the first proceeding, not as to matters which might have been litigated. *Northern Illinois Medical Center v. Home State Bank of Crystal Lake*, 136 Ill. App. 3d 129, 143 (1985). "Collateral estoppel bars the trial of an issue that has been fairly and completely resolved in a previous proceeding." *LaSalle Bank National Ass'n v. Village of Bull Valley*, 355 Ill. App. 3d 629, 635 (2005). In order to apply collateral estoppel, three requirements must be met: (1) the issue decided in the prior adjudication must be identical to the issue in the current action; (2) the party against whom estoppel is asserted must have been a party or in privity with a party in the prior action; and (3) the prior adjudication must have resulted in a final judgment on the merits. *Mabie v. Village of Schaumburg*, 364 Ill. App. 3d 756, 758 (2006).

¶ 21    Courts in Illinois are split over whether a dismissal with prejudice pursuant to a settlement agreement operates as a final judgment on the merits for purposes of *res judicata*. See *Jackson v. Callan Publishing, Inc.*, 356 Ill. App. 3d 326, 340 (2005) (noting the split of authority). Regardless of the split of authority, we find that the 1970 settlement agreement does not have preclusive effect, under either the doctrine of *res judicata* or collateral estoppel, on Barbara Hoy's amended petition for citation.

¶ 22    In her amended petition for citation, Barbara Hoy alleged that Joe Brown and/or Lawn Music never obtained a valid assignment from Floyd Jones of his copyright interests in the musical composition "On the Road Again," and that even if they had obtained such an assignment, the renewal rights in the musical composition vested in the heirs of Floyd Jones and not in Joe Brown and/or Lawn Music. Barbara Hoy alleged that as an heir of Floyd Jones, she had an ownership interest in the musical composition and asserted that the composition should not be included in the inventory of Joe Brown's estate.

¶ 23    These issues and allegations were neither raised nor litigated in the federal action. The federal action was primarily concerned with whether Liberty Records, Inc., and Metric Music infringed on Floyd Jones's and Joe Brown's copyright interests in the musical composition "On the Road Again." The issues at the heart of Barbara Hoy's amended petition for citation were not and could not have been presented in the prior federal action because Floyd Jones was still alive at the time the federal action was settled and a stipulation to discontinue the federal action "with prejudice, without costs to either party as against the other" was entered.

¶ 24    Collateral estoppel does not apply where the party against whom the prior decision is asserted did not have a full and fair opportunity to litigate the issue in the prior action. *Allen v. McCurry*, 449 U.S. 90, 95 (1980). In addition, it is a well-settled principle of law that a prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 328 (1955); see also *County of Kane v. Randall*, 194 Ill. App. 3d 1029, 1036 (1990) (doctrine of *res judicata* did not prevent trial court from considering constitutionality of Public Labor Relations Act, where dispute involving application of the Act did not exist at the time of the prior court proceeding and could not have been decided at that time).

¶ 25    "The rule in Illinois is that *res judicata* extends only to the facts and conditions as they were at the time a judgment was rendered. When new facts or conditions intervene before a second action, establishing a new basis for the claims and defenses of the parties respectfully, the issues are no longer the same, and the former judgment cannot be pleaded as a bar in a subsequent action." *Northern Illinois Medical Center*, 136 Ill. App. 3d at 144. This principle is equally applicable to the doctrine of collateral estoppel. *Id*. Here, the doctrines of *res judicata* and collateral estoppel are not applicable and do not bar Barbara Hoy's amended petition for citation.

¶ 26    Next, we disagree with the probate court's *sua sponte* finding that Barbara Hoy's amended petition for citation is barred by *laches*. "*Laches* is an equitable principle which bars an action where, because of delay in bringing suit, a party has been misled or prejudiced or has taken a course of action different from that which it might have otherwise taken absent the delay." *Patrick Media Group, Inc. v. City of Chicago*, 255 Ill. App. 3d 1, 7 (1993). The determination of whether *laches* applies to a particular set of facts is left to the sound discretion of the trial court. *Lozman v. Putnam*, 379 Ill. App. 3d 807, 822 (2008).

¶ 27    In order to prevail on the affirmative defense of *laches*, a defendant must establish: (1) plaintiff's lack of due diligence in bringing suit; and (2) prejudice to the defendant as a result of the delay. *Mo v. Hergan*, 2012 IL App (1st) 113179, ¶ 36. For *laches* to apply, a plaintiff must have knowledge of his right but fail to assert it in a timely manner. *Bill v. Board of Education of Cicero School District 99*, 351 Ill. App. 3d 47, 54 (2004). "A mere lapse in time from the accrual of a cause of action to the filing of a lawsuit is insufficient to support a *laches* defense." *Madigan ex rel. Department of Healthcare & Family Services v. Yballe*, 397 Ill. App. 3d 481, 493 (2009). " 'The party asserting estoppel [through *laches*] must show prejudice or hardship rather than mere passage of time and must demonstrate that the delay induced him to adversely change his position.' " *La Salle National Bank v. Dubin Residential Communities Corp.*, 337 Ill. App. 3d 345, 351 (2003) (quoting *Gersch v. Department of Professional Regulation*, 308 Ill. App. 3d 649, 661 (1999)).

¶ 28    In this case, the record shows Barbara Hoy filed her initial claim against Joe Brown's estate on August 3, 2010, approximately six weeks after she was put on constructive notice and named in a notice of administration of the estate published in the Chicago Daily Law Bulletin. We do not believe the six-week delay between the time Barbara Hoy discovered the musical composition was being included in the inventory of Joe Brown's estate and when she filed her claim against the estate was so unreasonable as to bar her claim on the basis of *laches*. We therefore find the probate court abused its discretion in dismissing Barbara Hoy's amended petition for citation on the ground that she was guilty of *laches*.

¶ 29    Finally, Barbara Hoy contends that Michael Brown failed to present any evidence that Joe Brown and/or Lawn Music ever obtained a valid assignment from Floyd Jones of his copyright interests in the musical composition "On the Road Again," and that even if they had obtained such an assignment, the rights lapsed in 1996 at the expiration of the composition's initial copyright term. Barbara Hoy maintains that because Lawn Music has no ownership interest or continuing rights to the musical composition, the probate court erred by failing to remove the composition from the inventory of Joe Brown's estate.

¶ 30    We believe these issues should be addressed and resolved in the first instance by the probate court on remand. Accordingly, we decline the invitation to address them at this time.

¶ 31        For the foregoing reasons, we reverse the judgment of the probate court dismissing Barbara Hoy's amended petition for citation and remand the cause to the court for further proceedings consistent with this opinion.

¶ 32        Reversed and remanded with directions.