2025 IL App (2d) 240758WC-U
No. 2-24-0758WC
Order filed October 6, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

Workers' Compensation Commission Division
_____

| | | |
|---|---|---|
| CITY OF ZION POLICE DEPARTMENT, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Appellee, | ) | |
| | ) | |
| v. | ) | No. 24-MR-69 |
| | ) | |
| THE ILLINOIS WORKERS' | ) | |
| COMPENSATION COMMISSION, *et al*., | ) | Honorable |
| | ) | Luis A. Berrones,, |
| (James Labonne, Appellant). | ) | Judge, Presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Holdridge and Justices Martin, Mullen, and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the judgment of the circuit court reversing the decision of the Commission where the prior decision of the pension board collaterally estopped claimant from relitigating the issue of causation under the Workers' Compensation Act.

¶ 2    Claimant, James Labonne, appeals the judgment of the circuit court of Lake County reversing the decision of the Illinois Workers' Compensation Commission, which awarded claimant benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2014)) for injuries he sustained was working for respondent, City of Zion Police Department. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      We limit our recitation to those facts relevant to our disposition of this appeal. We will recite additional facts in the analysis section as needed to address claimant's specific arguments.

¶ 5      At all relevant times, claimant was employed by respondent as a detective. On October 12, 2017, he filed an application for adjustment of claim pursuant to the Act, seeking benefits for bilateral wrist injuries he sustained while performing a "burpee" exercise during a May 8, 2015, firearms training event. Respondent filed a motion to dismiss and request for hearing, arguing that claimant's claim was barred by *res judicata* and collateral estoppel principles due to a June 18, 2018, decision and order issued by the board of trustees of the Zion Police Pension Fund (the pension board) on a March 21, 2016, pension duty disability application filed by claimant pursuant to the Illinois Pension Code (Code) (40 ILCS 5/3-101 *et seq.* (West 2014)). The June 18, 2018, decision denied claimant's request for line-of-duty benefits (*id.* § 3-114.1) but awarded him non-duty disability benefits (*id.* § 3-114.2). Claimant did not seek review of the pension board's decision order, making it final on August 28, 2018.

¶ 6      On September 26, 2022, an arbitration hearing was held on claimant's application for adjustment of claim filed under the Act. The arbitrator issued a written decision on December 28, 2022, finding that claimant sustained a compensable injury to his right wrist on May 8, 2015, and awarding him benefits under the Act. In doing so, the arbitrator found that claimant's claim for workers' compensation benefits was not barred by the equitable doctrine of collateral estoppel. Specifically, the arbitrator found that:

   "The issue before the Pension Board was whether [claimant's] pension application qualified for an award of 'duty' or 'non-duty' pension disability benefits. The Illinois Pension Code (Code) states an officer is entitled to receive 'duty' disability benefits when he or she is injured in the 'performance of an act of duty'. Under the Code, an 'act of duty'

or 'duty' disability pension is awarded to reflect the special risks faced by an officer who is required to act and to reflect that those dangers are different from those encountered by officers who, while injured, are harmed in the performance of any act that is not unique to their profession. An officer who becomes disabled as a result of any cause other than injury incurred in the performance of an act of duty shall receive ordinary disability benefit. [Citations.]"

¶ 7    The arbitrator concluded that the issues litigated before the pension board differed than those litigated under the Act. The arbitrator noted that respondent did not present any evidence of "collaboration between [respondent] and [the pension board] as to the pension disability application hearing." The arbitrator further noted that "the fact that both [respondent] and the [pension board] are public entities is not enough to establish that they are the same parties or that they are in privity for purposes of collateral estoppel."

¶ 8    Respondent filed a petition for review of the arbitrator's decision before the Commission. The Commission issued a unanimous decision on January 18, 2024, modifying the arbitrator's award of medical expenses. The Commission affirmed and adopted the arbitrator's decision in all other respects.

¶ 9    Respondent sought judicial review of the Commission's decision in the circuit court of Lake County. The court issued a decision on November 15, 2024, reversing the Commission's decision in its entirety and finding that claimant was collaterally estopped from relitigating the issues of causation, accident, and credibility regarding his May 8, 2015, right wrist injury. The court concluded that claimant was bound by the pension board's decision, which found that his "right wrist injury was not caused by the training activities on May 8, 2015." The court found that: the June 18, 2018, decision was a final judgment on the merits; claimant was a party to both the workers' compensation claim and pension claim; and the issues of accident and causation in the

claims brought under the Act were identical to the issues decided under the Code. Claimant filed a timely notice of appeal.

¶ 10                                                    II. ANALYSIS

¶ 11     The issue on appeal is whether claimant's claim for benefits under the Act was barred by the doctrine of collateral estoppel where the pension board issued a decision denying him line-of-duty benefits but awarding him non-duty benefits under the Code.

¶ 12     "The applicability of the doctrine of collateral estoppel is a question of law that we review *de novo*." *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 158 (2010) (citing *In re A.W.*, 231 Ill. 2d 92, 99 (2008)). " 'Collateral estoppel prohibits the relitigation of an issue essential to and actually decided in an earlier proceeding by the same parties or their privies.' " *City of Chicago v. Illinois Workers' Compensation Comm'n*, 2014 IL App (1st) 121507WC, ¶ 51 (quoting *McCulla v. Industrial Comm'n*, 232 Ill. App. 3d 517, 520 (1992)). "Administrative agency decisions made in adjudicatory, judicial, or quasi-judicial proceedings may have collateral estoppel effect." *Id.* (citing *McCulla*, 232 Ill. App. 3d at 520). A party may assert collateral estoppel when:

> "(1) the issue decided in the prior adjudication is identical to the issue in the current action; (2) the issue was 'necessarily determined' in the prior adjudication; (3) the party against whom estoppel is asserted was a party or in privity with a party in the prior action; (4) the party had a full and fair opportunity to contest the issue in the prior adjudication; and (5) the prior adjudication must have resulted in a final judgment on the merits." *Id.* (citing *Mabie v. Village of Schaumburg*, 364 Ill. App. 3d 756, 758 (2006); *McCulla*, 232 Ill. App. 3d at 520).

¶ 13     We begin by considering whether the issues decided by the pension board were identical to the issues in the present case. The Code provides that "[i]f a police officer as the result of sickness, accident or injury incurred in or resulting from the performance of an act of duty, is found

to be physically or mentally disabled for service in the police department, so as to render necessary his or her suspension or retirement from the police service," the officer shall be entitled to certain benefits under the Code. 40 ILCS 5/3-114.1 (West 2014). The Code provides that "[a] police officer shall be considered 'on duty' while on any assignment approved by the chief of the police department of the municipality he or she serves, whether the assignment is within or outside the municipality." *Id.* The Code additionally provides that "[a] police officer who becomes disabled as a result of any cause other than the performance of an act of duty, and who is found to be physically or mentally disabled so as to render necessary his or her suspension or retirement from police service in the police department," shall be entitled to certain benefits under the Code. *Id.* § 3-114.2.

¶ 14    In comparison, the Act requires a claimant to establish that their injury arises out of and in the course of their employment to be entitled to benefits. *Orsini v. Industrial Comm'n*, 117 Ill. 2d 38, 44 (1987). The "arising out of" component has been defined "as one which has its origin in some risk so connected with, or incidental to, the employment as to create a causal connection between the employment and the injury." *Id.* at 45. "The phrase 'in the course of' refers to the time, place, and circumstances under which the accident occurred." *Id.* at 44. "The words 'arising out of' and 'in the course of' are used conjunctively, and therefore both elements must be present at the time of the accidental injury in order to justify compensation." *Id.* at 44-45.

¶ 15    Appellate courts have held "that the standard for determining whether a fireman's injury was incurred in the line of duty under the Pension Code is equivalent to the standard for determining whether an accidental injury arose out of and in the course of his employment under the Act." *City of Chicago*, 2014 IL App (1st) 121507WC, ¶ 52 (citing *McCulla*, 232 Ill. App. 3d at 521; *Mabie*, 364 Ill. App. 3d at 760-61; *O'Callaghan v. Retirement Board of Firemen's Annuity & Benefit Fund*, 302 Ill. App. 3d at 579, 583 (1998); *Wilfert v. Retirement Board of Firemen's*

*Annuity & Benefit Fund*, 263 Ill. App. 3d 539, 544 (1994)). We find these cases equally applicable to the present case involving a police officer's pension, where the pension board's determination of a firefighter's entitlement to differing amounts of pension benefits similarly depended on whether the firefighter was in duty or not in duty. See *McCulla*, 232 Ill. App. 3d at 521 (finding the pension board's award of "not in duty" pension—awarded to a firefighter who became disabled "as a result of any cause other than an act of duty"—identical to the issue of causation before the Commission); see also *Village of Alsip v. Portincaso*, 2017 IL App (1st) 153167, ¶¶ 32-37 (holding that issue of causation decided in workers' compensation proceedings was identical to the question of whether the police officer was involved in an act of police duty when he injured his back for purposes of a pension claim and, thus, collateral estoppel barred relitigation of the issue before the pension board).

¶ 16    Here, the pension board determined that claimant's injury was not incurred in the line of duty. The pension board instead awarded claimant non-duty pension benefits, necessarily finding that claimant became disabled as a result of any cause other than the performance of an act of duty. Specifically, the pension board concluded that claimant did not injure himself during the training exercise on May 8, 2015. In support, the pension board noted the following: claimant's failure to report the accident for two weeks; claimant's failure to seek immediate medical care; claimant's ability to work full duty without issue for several weeks following the alleged accident; certain records demonstrating that claimant qualified with his firearm without any pain; claimant's inconsistent testimony at the hearing that he failed to qualify for his weapon after the alleged accident; and claimant's testimony that he did not notice anything wrong during the May 8, 2015, training exercise. Claimant did not appeal the pension board's decision. We find no difference between the issue adjudicated before the board and the issue of causation that was later before the

Commission. See *McCulla*, 232 Ill. App. 3d at 521. Because claimant cannot establish the requisite element of causation, his claim for benefits under the Act fails.

¶ 17　We further note that the additional requirements for the imposition of the doctrine of collateral estoppel were met in this case. It is undisputed that the pension board's decision resulted in a final judgment on the merits, given that claimant did not appeal that decision. Moreover, claimant had a full and fair opportunity to contest the issues at the hearing before the pension board and the issues were necessarily decided in the action before the pension board. Additionally, claimant—as the party against whom estoppel is asserted—was a party to the proceedings before the pension board.

¶ 18　We fail to see how the imposition of the doctrine of collateral estoppel is unjust in the present case, where claimant had a full and fair opportunity to contest the issues during the pension hearing and then failed to utilize an opportunity to appeal the pension board's decision. Thus, we reject his claim that the imposition of collateral estoppel against him is unfair and unjust. Lastly, in light of our analysis set forth above, we decline to separately address claimant's argument that the circuit court misconstrued or misapplied the pension board's decision by finding claimant's claim for benefits barred. It is our view that the case law applicable to firemen applies equally to police officers.

¶ 19　In sum, we hold that the issue of causation was fully litigated before the pension board and the Commission incorrectly found that it was not bound by the pension board's determination. Because claimant cannot establish the requisite element of causation, his claim for benefits under the Act fails.

¶ 20　　　　　　　　　　　　　　　III. CONCLUSION

¶ 21　For the foregoing reasons, we affirm the decision of the circuit court reversing the decision of the Commission.

¶ 22   Affirmed.